```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/2/15
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ROBERT FLEMING,

          Petitioner,

   -v-

WARDEN, ATTICA CORRECTIONAL
FACILITY,

          Respondent.
------------------------------------------------------------X

**REPORT AND RECOMMENDATION**

14-CV-5284 (PGG)(JLC)

**JAMES L. COTT, United States Magistrate Judge.**

**To the Honorable Paul G. Gardephe, United States District Judge:**

Robert Fleming, currently incarcerated at Attica Correctional Facility, brings this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his July 21, 2013 conviction in New York Supreme Court, Bronx County.[1] The Court recommends dismissal of the petition without prejudice due to Fleming's failure to exhaust his claims in state court.

## I.   BACKGROUND

Fleming was convicted of two counts of murder in the second degree on July 31, 2013. Amended Petition for Writ of Habeas Corpus ("Am. Pet.") (Dkt. No. 11) at 14.[2] Fleming appealed his judgment of conviction to the Appellate Division, First

---

[1] Though the case caption still names the Warden of the Auburn Correctional Facility as the Respondent, Fleming's most recent correspondence with the Court indicates that he is now incarcerated at Attica. *See* Dkt. No. 27 at 1, 10; *see also* Declaration of Respondent in Support of Motion to Dismiss (Dkt. No. 18) at 1 n.1.

[2] The Court's references to pages in the Amended Petition correspond to the page numbers as generated by the Court's electronic filing system.

Department on October 21, 2015. *People v. Fleming*, No. 564/09 (N.Y. App. Div. 1st Dep't). The People's opposition to this appeal is due December 9, 2015, and oral argument is scheduled for the January 2016 term. *Id.*

Fleming filed his initial Petition for a Writ of Habeas Corpus on June 26, 2014. (Dkt. No. 1). On June 24, 2015, Fleming was ordered to amend his petition, which he did on July 22. (Dkt. Nos. 10, 11). This case was referred to me for a report and recommendation on August 13, 2015, and I ordered the Respondent to respond to the petition by October 14, 2015. (Dkt. Nos. 13, 14). The Respondent filed a motion to dismiss on October 16, 2015. ("Resp. Mem.") (Dkt. No. 19).[3] Fleming replied on November 10, 2015. ("Pet. Reply.") (Dkt. No. 24).

## II. DISCUSSION

### A. Legal Standard

Before a petitioner can seek federal habeas relief, Section 2254 requires exhaustion of all available state remedies. *See* 28 U.S.C. § 2254(b); *see also Rose v. Lundy*, 455 U.S. 509, 510 (1982). A habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). In other words, if a state provides a procedure, a habeas petitioner must take advantage of that procedure before coming to federal court. The state judicial system must be given the first opportunity to review the

---

[3] The motion to dismiss was initially filed on October 13, 2015, but it was rejected by the Court's electronic filing system. (Dkt. No. 16). It was refiled on October 16.

errors raised by petitioner before this Court may review a petition for a writ of habeas corpus brought under Section 2254. *See Cotto v. Herbert*, 331 F.3d 217, 237 (2d Cir. 2003).

In order to exhaust his claims for purpose of habeas corpus review, a petitioner must wait for the Appellate Division to decide the outcome of his appeal. If the petitioner is adversely affected by the court's decision, he should seek leave to appeal to the New York Court of Appeals, the highest state court. *See* N.Y. Crim. P. L. § 460.20; *see also New York ex rel. Turner ex rel. Connors v. Dist. Att'y of N.Y. Cnty.*, No. 12-CV-3355 (LTS) (DCF), 2015 WL 4199135, at *11 (S.D.N.Y. July 10, 2015) (citing *Larocco v. Senkowski*, 65 F. App'x 740, 742 (2d Cir. 2003)).

### B. Fleming has Failed to Exhaust his State Court Remedies

Fleming concedes that he has not fully exhausted his state court remedies. *See* Am. Pet. at 16 ("The appeal has not been submitted, but will be soon."); *see also* Resp. Mem. at 2. Additionally, the Court has independently confirmed that Fleming only filed his direct appeal in the First Department on October 21, 2015, and that oral argument will not be held until the January 2016 term.[4] *See People v. Fleming*, No. 564/09 (N.Y. App. Div. 1st Dep't). Even after the First Department renders its decision (if it does not rule in Fleming's favor), he must still seek leave to

---

[4] Fleming has also filed collateral motions in Bronx Supreme Court, but they too remain undecided. *See* Resp. Mem. at 2; *see also* Am. Pet. at 18. If they are ultimately decided adversely to Fleming, he must seek leave to appeal those decisions to the Appellate Division in order to fully exhaust his state remedies. *See, e.g., Waiters v. Lee*, No. 13-CV-3636 (JG), 2015 WL 5692840, at *4 (E.D.N.Y. Sept. 26, 2015) (exhaustion of Section 440 motion by appealing to Appellate Division required before habeas petition asserting those claims can be heard).

appeal that decision to the New York Court of Appeals in order to fully exhaust his state court remedies. Only after an adverse decision in the Court of Appeals could Fleming file a habeas petition that this Court may consider.[5]

## CONCLUSION

Accordingly, I recommend that Fleming's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed without prejudice.

## PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See* Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Paul G. Gardephe and the undersigned, United States Courthouse, 500 Pearl Street, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Gardephe.

**FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. *See Thomas v.*

---

[5] On October 26, 2015, the Court received a "Modified Petition for Writ of Habeas Corpus." (Dkt. No. 26). The Court need not address whether to accept this modified petition because it too would be subject to the same exhaustion requirements as the Amended Petition.

4

*Arn*, 474 U.S. 140 (1985); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).

Dated: December 2, 2015
     New York, New York

                              JAMES L. COTT
                              United States Magistrate Judge

**A copy of this Report and Recommendation has been mailed to:**
Robert Fleming
DIN # 13A4172
Attica Correctional Facility
Box 149
Attica, NY 14011-0149