UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/15/16

ROBERT FLEMING,

            Petitioner,

- v. -

WARDEN OF AUBURN CORRECTIONAL
FACILITY,

            Respondent.

**ORDER**

14 Civ. 5284 (PGG) (JLC)

PAUL G. GARDEPHE, U.S.D.J.:

        On June 26, 2014, pro se Petitioner Robert Fleming filed this petition for a writ of habeas corpus (the "Petition") pursuant to 28 U.S.C. § 2254, seeking to set aside his two New York state convictions for murder in the second degree. (Dkt. No. 1) On August 13, 2015, this Court referred the matter to Magistrate Judge James Cott for a Report and Recommendation ("R & R"). (Dkt. No. 13) On October 16, 2015, Respondent filed a motion to dismiss the Petition, on the ground that Fleming had not exhausted his state remedies. (Dkt. Nos. 17, 19) On December 2, 2015, Judge Cott issued an R & R recommending that this Court grant Respondent's motion and dismiss the Petition without prejudice. (Dkt. No. 28)

## BACKGROUND

### I.    PETITIONER'S 2013 CONVICTION AND DIRECT APPEAL

        On July 31, 2013, a jury sitting in Supreme Court of the State of New York, Bronx County, convicted Fleming of two counts of second-degree murder. (Trial Tr. (Dkt. No. 18-10) at 136-40) On September 4, 2013, he was sentenced to two consecutive terms of imprisonment of 25 years to life. (Sept. 4, 2013 Sent. Tr. (Dkt. No. 18-11) at 45) Fleming filed a notice of appeal shortly thereafter. On April 10, 2014, the Appellate Division, First

Department, granted him poor person relief and assigned the Center for Appellate Litigation to represent him on appeal. (Washer Decl. (Dkt. No. 18) at ¶ 23) Oral argument on Fleming's appeal took place on June 14, 2016. People v. Fleming, No. 564/09 (N.Y. App. Div. 1st Dept.). The Appellate Division has not yet ruled on Fleming's appeal.

Fleming also filed in Bronx County Supreme Court a collateral motion under CPL § 440.10 and "numerous" additional motions challenging his convictions. (Washer Decl. (Dkt. No. 18) at ¶¶ 24-25) In these submissions, he challenges the validity of the indictment, claims that he received ineffective assistance of counsel, and argues that his trial counsel improperly deterred him from representing himself and mishandled his pro se motions. (Id.) On January 11, 2016, the Bronx County Supreme Court denied Fleming's motions and issued an order precluding him from filing additional motions.

## II.    THE PETITION AND JUDGE COTT'S REPORT AND RECOMMENDATION

On June 26, 2014, Fleming filed a pro se petition for a writ of habeas corpus in the United States District Court for the Eastern District of New York. (Dkt. No. 1) His petition was transferred to this District on July 9, 2014. (Dkt. Nos. 4, 5) On October 7, 2014, Chief Judge Preska issued an order finding that Fleming had not (1) complied with the rules governing Section 2254 cases, in that he had not named his custodian as the respondent and had not identified grounds for relief; (2) alleged exhaustion of state court remedies; and (3) provided evidentiary support for his claim of actual innocence. (Oct. 7, 2014 Order (Dkt. No. 8) at 3-7) Accordingly, Chief Judge Preska directed Fleming to file an amended petition. (Id. at 8)

Fleming filed an amended petition on October 31, 2014, which he claimed "set forth two additional grounds for relief." (Dkt. No. 9) On June 24, 2015, Chief Judge Preska issued another order directing Fleming to file an amended petition, noting that his amended

2

submission "does not state all of the grounds for [Petitioner's] § 2254 petition and does not clarify which claims, if any, have been exhausted in the state court through one complete round of appellate review." (June 24, 2015 Order (Dkt. No. 10) at 1-2)

On July 22, 2015, Fleming filed a second amended petition. (Dkt. No. 11) On August 13, 2015, this Court referred the Petition to Magistrate Judge Cott for a Report and Recommendation. (Dkt. No. 13) Judge Cott issued an order directing Respondent to answer Fleming's petition on August 14, 2015. (Dkt. No. 14)

On October 16, 2015, Respondent filed a motion to dismiss Fleming's petition on the ground that he had not exhausted his state remedies. (Dkt. Nos. 17, 19) Fleming filed a reply on November 10, 2015. (Dkt. No. 24) He filed an additional supplemental letter on November 16, 2015. (Dkt. No. 27)

On December 2, 2015, Judge Cott issued an R & R recommending that this Court dismiss the Petition without prejudice, because Petitioner had not exhausted his remedies in New York state court.[1] (Dkt. No. 28) Judge Cott informed the parties that they had fourteen days to object to the Report. (Id. at 4) This Court's Electronic Filing System, however, designated December 21, 2015, as the deadline for making objections. (See Dec. 2, 2015 Minute Entry (Dkt. No. 28)) Fleming's objections to the R & R were signed on December 8, 2015, and received on December 18, 2015. (Dkt. No. 29) Because these objections were filed in accordance with the deadline provided in the docket for this case, the Court will accept Petitioner's objections as timely.

---

[1] On October 17, 2015, Fleming filed a "Modified Petition for a Writ of Habeas Corpus." (Dkt. No. 26) This Court referred that modified petition to Judge Cott to determine whether it should be accepted. (Dkt. No. 25) Judge Cott determined that it "need not address whether to accept this modified petition because it too would be subject to the same exhaustion requirements as the Amended Petition." (R & R (Dkt .No. 28) at 4 n.5) This Court agrees.

3

On February 11, 2016, Fleming filed additional objections – dated February 8, 2016 – entitled "Late Reply to the court's denial of petitioner's request for writ of habeas corpus, without affording him an Appropriate Evidentiary Hearing." (Dkt. No. 30) These objections are not timely and will not be considered by this Court.[2]

## DISCUSSION

In reviewing an R & R from a magistrate judge, a district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). When a timely objection has been made to a magistrate judge's recommendations, "[the district court judge] shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. "'[T]o the extent . . . that the [objecting] party makes only conclusory or general arguments, or simply reiterates the original arguments, [however,] the Court will review the [R & R] strictly for clear error.'" DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009) (quoting IndyMac Bank, FSB v. Nat'l Settlement Agency, Inc., No. 07 Civ. 6865(LTS)(GWG), 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008)). Although "[t]he objections of parties appearing pro se are generally accorded leniency and should be construed to raise the strongest arguments that they suggest," "even a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." Id. at 340 (internal quotation marks and citations omitted).

---

[2] Fleming's untimely objections are directed primarily at the state court's denial of his § 440.10 motion, over which this Court has no jurisdiction. (Dkt. No. 30)

4

The vast majority of Fleming's objections do not address Judge Cott's finding that he has not exhausted his state court remedies, as required by 28 U.S.C. § 2254. Fleming instead merely reiterates his habeas claims. (See Pet. Objections (Dkt. No. 29) at 3 (arguing that Fleming's confession "was obtained in violation of the indelible right to counsel and must be suppressed"); id. at 4 (urging this Court to hold that the "denial of a federal constitutional right, no matter how unimportant, [] should automatically result [in] the reversal of a conviction, without regard to whether the error is considered harmless" and that, in any event, the errors in his case were not harmless); id. at 5 (asking the Court to "overturn the conviction[] by granting petitioner's habeas corpus request" and describing "prosecutorial misconduct" in the form of "egregious comments during the prosecutor's summation" and "elicitation of inadmissible and prejudicial testimony")) This Court has not considered these arguments, because – as discussed below – Judge Cott correctly concluded that Fleming has not exhausted his state court remedies.

I.     **PETITIONER'S FAILURE TO EXHAUST STATE COURT REMEDIES**

A petitioner seeking a writ of habeas corpus in federal court must first exhaust all available state remedies. 28 U.S.C. § 2254(b). "A habeas petitioner 'shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented.'" (R & R (Dkt. No. 28) at 2 (quoting 28 U.S.C. § 2254(c))) "The state judicial system must be given the first opportunity to review the errors raised by petitioner before this Court may review a petition for a writ of habeas corpus brought under Section 2254." (Id. at 2-3 (citing Cotto v. Herbert, 331 F.3d 217, 237 (2d Cir. 2003)) In New York, an inmate must pursue a direct appeal to the Appellate Division and, if that appeal is unsuccessful, must seek leave to appeal to the New York Court of Appeals. (Id. at 3 (citing N.Y. Crim. P. L. § 460.20; New York ex rel. Turner ex rel. Connors v.

5

Dist. Att'y of N.Y. Cnty, No. 12-CV-3355 (LTS) (DCF), 2015 WL 4199135, at *11 (S.D.N.Y. July 10, 2015)))

As Judge Cott correctly found, Fleming has not exhausted his remedies under New York law: the Appellate Division has not yet ruled on his direct appeal, and Fleming has not sought leave to appeal to the New York Court of Appeals. Fleming does not argue that he has complied with the exhaustion requirement. Instead, he contends that the exhaustion requirement "imprison[s] [him] in his privileges[.]" (Pet. Objections (Dkt. No. 29) at 6)

The exhaustion requirement reflects a balance between petitioners' constitutional rights and "comity between the federal and State judicial systems . . . ." Strogov v. Attorney General of State of N.Y., 191 F.3d 188, 191 (2d Cir. 1999); see also O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (the exhaustion requirement "reduces friction between the state and federal court systems by avoiding the 'unseem[liness]' of a federal district court's overturning a state-court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." (alteration in original)). Because Fleming has not exhausted his remedies before the New York state courts, he cannot seek habeas relief in this Court.

## II. THE TIMELINESS OF RESPONDENT'S MOTION TO DISMISS

Fleming argues that Respondent's motion to dismiss the Petition was not timely filed. Although Respondent was ordered to respond to the Petition by October 14, 2015, the motion to dismiss was not filed until October 16, 2015, and Fleming claims that he did not receive a copy until October 18, 2015. (Pet. Objections (Dkt. No. 29) at 7-8) As Judge Cott notes, however, Respondent's motion to dismiss was filed on October 13, 2015. (R & R (Dkt.

No. 28) at 2 n.3; see also Dkt. No. 16)  The motion was rejected by this Court's Electronic Case Filing system and was re-filed on October 16, 2015.  (Dkt. Nos. 17-19)  Under these circumstances, the motion to dismiss is not untimely.

## CONCLUSION

For the reasons stated above, this Court hereby adopts Magistrate Judge Cott's R & R in its entirety and, for the reasons stated therein, Fleming's petition is dismissed without prejudice.  The Clerk of the Court is directed to terminate any outstanding motions and to close this case.

Dated: New York, New York
      June 15, 2016         SO ORDERED.

*[signature]*
Paul G. Gardephe
United States District Judge